UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| MARTEZ JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-2054 |
| | ) | |
| DANVILLE POLICE DEPARTMENT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Vermilion County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he video-recorded Danville police officers during an arrest of another individual. Plaintiff alleges that he was charged with aggravated intimidation, aggravated assault, and threatening public officials for alleged actions arising from that incident and arrested

three days later on a warrant. Plaintiff alleges that Defendants Shower and Swisher harass him for no reason.

*Younger v. Harris*, 401 U.S. 37 (1971), requires the Court to abstain from or dismiss claims where federal litigation would interfere with ongoing state criminal proceedings. *Id.* at 44; *Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). The Court cannot determine from online records whether Plaintiff's state court criminal case is still pending. If Plaintiff has been convicted, *Heck v. Humphrey*, 512 U.S. 477 (1994), may also bar his claims.

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify whether his underlying state court criminal cases are still pending. If they are not, Plaintiff should indicate whether these cases resulted in a conviction or other sentence.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 18th day of May, 2023.

_____
*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE